**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JESSIE ADAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:26-cv-38-MHT-CWB** |
| | ) | |
| **SERGIO JIMENEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff, acting *pro se*, initiated this action on January 20, 2026.  (*See* Doc. 1).  However, all mailings to Plaintiff's address of record have been returned undeliverable.  (*See* Docs. 8, 9, 10, 11, & 13).  Among those were a January 30, 2026 Order directing Plaintiff to cure deficiencies in the Complaint and a February 9, 2026 Order directing Plaintiff to submit an updated address. (*See* Docs. 7 & 8).

A court "may ... dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306-07 (11th Cir. 2025) (cleaned up); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306; *see also Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam)  (stating that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice").

1

Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo*, 864 F.2d at 102 (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (emphasis omitted)).   "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306 (emphasis in original).

Because Plaintiff's whereabouts are unknown, and because efforts to obtain updated address information from Plaintiff have been unsuccessful, the undersigned Magistrate Judge **RECOMMENDS** that this action be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **March 6, 2026**.   An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection.   Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations.   The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.   *See* 28 U.S.C. § 636(b)(1)(C).   A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.   The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.   *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.   An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 20th day of February 2026.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**